## DURYEA *et al. v.* VOSBURGH.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

**1. ACTION AGAINST AGENT—OPINION OF WITNESS—QUESTION OF FACT.**
Plaintiffs alleged that they employed defendant to purchase an interest in a firm, of which he was a member, for them; that he purchased the interest at $45,750, but demanded and received from plaintiffs $51,750 therefor, which defendant denied, alleging that the $6,000 difference was paid him as a bonus by his partner for procuring a purchaser. *Held,* in an action to recover the $6,000 difference, that the question propounded to defendant as to whom he acted for did not call for an opinion, but for a matter of fact, and was properly asked.

**2. SAME—EVIDENCE.**
It was competent, on cross-examination of one of plaintiffs, to show that he was informed by a calculator that the interest he intended to buy was worth $52,000.

**3. SAME—MOTION FOR NEW TRIAL—IMMATERIAL EVIDENCE.**
The real question at issue being whether defendant was employed as agent for plaintiffs, and was guilty of a breach of trust in obtaining the property at $45,750,

and charging the plaintiffs an advance of $6,000 thereon, defendant's admission to a witness that he had received the $6,000 was immaterial, and insufficient to support a motion for a new trial by plaintiff on the ground of newly-discovered evidence.

Appeal from special term, Kings county.

Action by Louis T. Duryea and others against William C. Vosburgh to recover $6,000 alleged by plaintiffs to have been improperly charged them by defendant as an advance on an interest in a firm which he was employed to purchase for them, of which defendant was a member. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*O. N. & E. T. Payne,* (*Herman H. Shook* and *Geo. G. Reynolds,* of counsel,) for appellants.　*B. F. Tracy* and *D. W. Northrup,* for respondent.

BARNARD, P. J. The issue in this case was fairly tried. The plaintiffs aver that the defendant was employed or undertook to obtain the lowest price for which the interest of Edwin S. Peck in the partnership of N. C. Vosburgh & Co. could be bought by the plaintiffs; that defendant bought the interest for $6,000 less than the sum which plaintiffs paid for the interest, and kept the $6,000 himself. The defendant says that he sold to plaintiffs for Peck, and under an agreement with Peck that he should have $6,000 for his services, and also for his consent that plaintiffs should be admitted as partners in the firm. The testimony of the parties to the transaction differs as widely as the averments in the pleadings. The two Duryeas, plaintiffs, and their deceased brothers and Peck, testify in favor of the plaintiffs. The defendant denies these statements, and gives evidence tending to support his claim. Evidence was given tending to impeach the general character of Peck, and also to support his character. The charge was fair, and left the precise issue to the jury. There was very little evidence of much weight outside of the evidence of the parties in support of the claim of either party. There was no error committed on the trial. It was competent, on cross-examination of Louis T. Duryea, to show that he was informed by a calculator that what he was buying was worth $52,000. The introduction of the agreement (Exhibit C) in respect to the formation of an incorporation to take the title after the plaintiffs purchased, even if immaterial, hurt no one, and the admission is insufficient to reverse a judgment upon. The real value of the property was important in determining the question presented. It was proper to ask the direct question of Vosburgh, for whom he acted. It was not an opinion, but a fact, which was called for. If the ruling was not cured by the subsequent rejection of the question, it must be upheld as a proper question. *Collins* v. *Railroad Co.,* 109 N. Y. 243, 16 N. E. Rep. 50.

There was no error in the charge. It was not wrong for defendant to agree with Peck for a compensation of $6,000, if he sold the interest. It was wrong to deduct $6,000 from the price, if the defendant was acting in the transaction for plaintiffs. There can be no mistake in the fact that the jury were told the precise issue, and where the wrong consisted. If the price was $51,750, and the defendant was acting for plaintiffs, and he paid but $45,750 to Peck, the plaintiffs were entitled to recover, and the jury were so instructed. The verdict negatives the fact, and establishes the contrary fact, that defendant was acting for Peck only under an agreement with him for the compensation.

The motion for a new trial on the ground of newly-discovered evidence was properly denied. It rests entirely on the affidavit of John C. Cassidy. He says that defendant told him that he had bought out Peck for $45,000, and had sold to plaintiffs for $51,000. Cassidy makes an affidavit for defendant that he told the fact to plaintiffs, or one of them, soon after. In view of the facts proven on the trial, the evidence itself is not very important. It is not

very controlling upon the question as to whom the defendant was acting for. The amount he received is admitted by the defendant. The issue was whether Peck agreed with defendant to give him all he could get over $45,000, and whether defendant was free from any duty in respect to the purchase which he owed to the plaintiffs, whereby he was to return the $6,000 to them. The issues have been passed upon, and the finding should bind the appellate court. No new light will be added by the testimony of Cassidy. The judgment and order denying new trial, on the ground of newly-discovered evidence, should all be affirmed, with costs.